Brinkerhoff, J.
The sixth section of “the act to amend the •act entitled ‘ an act to provide for the organization of cities and incorporated villages,’ ” passed March 11, 1853 (Swan’s Rev. Stat. '979), provides, that “the city council of any city in which waterworks are, or may be situated, or in progress of construction, shall establish a board of three trustees, to be known as the trustees of wat§r-works, who shall be elected by the qualified electors of the •city, and hold their offices for the term of three years,” etc.
On the part of the relator, it is contended that, by the facts •stated in the alternative writ and admitted in the answer, the city • of Chillicothe is brought within the category of cities which, by the terms of the section above quoted, of the act of March 11, 1853, are authorized to establish a board of trustees of waterworks, and that a board thus provided for, in obedience to express •statute, can not be abolished by mere ordinance of the city council.
*On the other hand, the defendant contends that, upon the facts stated in the pleadings, the city of Chillicothe is not within the conditions prescribed in said section, and that, therefore, the ordinance establishing a board of trustees of water-works was premature and unauthorized, and that the board thus prematurely and unwarrantably established, was legally liable to be abolished by a ¿repeal of the ordinance establishing it.
*323 Now, if the city of Chillicothe had water-works situate therein, or had them in progress of construction, then the basis of the relator’s argument is made out, and the conclusion, perhaps, for which he contends, legitimately follows. But, how are the facts? It is not alleged or pretended that Chillicothe ever had waterworks actually situate within her ; nor is it alleged that any money has ever been borrowed, or levied, or raised by taxation, for the construction of water-works, or that any contract has ever been made for that purpose, or that a shovelful of earth has ever been excavated, or 'one stone placed upon another. Taking everything alleged in the alternative writ as true, it does not appear that anything more has been done than to authorize the borrowing of money for the purpose of constructing water-works. Does this bring her within the terms of the statute, as having water-works iñ progress of construction ? We think not. It does not appear that one of her bonds has ever been negotiated, or that a dollar has ever found its way into the city treasury by any moans whatsoever, for the construction of water-works. How far the municipal authorities must go, and what precise acts will be sufficient to bring them within the condition of having water-works in “progress of construction,” it is not necessary for us to attempt to determine. It is enough that we are satisfied that a mere expression, by ordinance or otherwise, of the will and purpose of the municipality to engage in raising the means for the construction -of such works, does not bring them within the terms or the meaning of the statute.
For aught that appears in this case, the city may have been unable to negotiate its bonds on any reasonable terms; it may be unwilling to raise the necessary iunds by taxation; or the taxpayers of the city may have become satisfied that the project was -^improvident and ill-advised, and ought to be abandoned. And in either case, as no contract rights appear to have become vested, it seems to us that the municipality is legally, and ought to be, entitled to a locus pcenitentice. On the other hand, if the project of constructing waterworks has been improvidently abandoned, or ought to be revived, it would seem that the citizens have a plain and adequate remedy at the ballot-box.

Demurrer overruled, and peremptory writ denied.

Bartley, C. J., and Swan, Soott, and Sutliee, JJ„ concurred.